Our second and final case this morning is number 15-3023, Olson v. Merit System Protection Boards, Mr. Harwood. Good morning, Your Honors. May it please the Court. The issue in this case is whether the Merit System, it's framed as whether the Merit System Protection Board had jurisdiction to determine whether furloughing petitioner who is National Taxpayer Advocate without written approval from the Secretary of... If we sent this back, what relief could your client get? The relief would be a declaration that the... Isn't that an, I, I, sorry to cut you off, I know what you're going to say, isn't that an advisory opinion? No, it is not, Your Honor. First of all, it's not an advisory opinion because the implementation of the 2014 Internal Revenue Service Shutdown Contingency Plan, which remains in effect, created a case or controversy between petitioner and the Commissioner of Internal Revenue Service, and as the... I don't understand that. Why is it not an advisory opinion that that plan, if it's applied in the future, is inappropriate? Because the plan still remains in effect. In the Avery case, which was affirmed by this Court in the Berlin matter, it involved a situation where the Department of Labor, prior to implementation of the 2014 shutdown plan, brought an action under 7521 of Title V before the Merit Systems Protection Board to determine whether there was good cause for the furlough petition. And the Court there, and the Board held that there was good cause for the furlough plan as implemented, and this Court affirmed it. And obviously in that case, there was a case or controversy... What were the facts of that case? Who were the employees involved? The employees involved were administrative law judges... ...before they can administer a plan. So that's what gives them the authority. In essence, that statute does give the Board essentially authority to issue an advisory opinion. But you don't have that here. Your Honor, but not only did... You have to have an adverse action. Well, the Board has held that it doesn't have authority to issue an advisory opinion. Plus, this Court went on appeal to this Court, and this Court can't give an advisory opinion, yet it affirmed the Board's determination. Right, because that statute actually essentially creates an exception to that rule, which is before an agency can take an adverse action against an ALJ, it has to receive the Board's permission. So in essence, the Board does render an advisory opinion to the agency saying, yes, you can take an adverse action against the ALJ. That law doesn't apply to other employees, does it? Well, Your Honor, first, like I said, this Court, then the case was appealed to this Court, and this Court entered a decision in the Berlin case affirming the action of the Merit Systems Protection Board. And in this Article III Court, Congress cannot pass a statute that imposes jurisdiction on a Court where there is no case of controversy or require a Court to enter an advisory opinion. And in here, it's not an advisory opinion because there's still a determination of the rights of the petitioner vis-à-vis the Internal Revenue Service as to the legality of the 2014 shutdown contingency. So what consequences does that have? I don't understand. I mean, she's gotten her back pay and benefits, and, you know, so she just seems to want an abstract determination that she shouldn't have been furloughed. Well, no, Your Honor, she doesn't want an abstract determination because this case cuts to the heart of the relationship between the Commission of Internal Revenue Service and the National Taxpayer Advocate Service. When Congress enacted the 1998 Internal Revenue Service Reform and Restructuring Act, it enacted 78… What are the practical consequences of such a determination? What difference does it make to her? I mean, she may feel better, but we don't decide cases to make people feel better. Well, Your Honor, it's not a question of whether or not she feels better. She didn't bring this action to feel better. She brought this action to determine her rights vis-à-vis the Commissioner of Internal Revenue Service.  Well, even if it is valved sometime in the future and there still would be a case or controversy under… How do we know that until we get to that case or controversy sometime in the future? Your Honor, it's one of those cases where it's repetition but evading review. That's never happened before, right? Well, Your Honor, she had never been furloughed before because the prior contingency plans all allowed, accepted the National Taxpayer Advocates and parts of her staff from being furloughed. But this plan still remains in effect. We've had 18 furloughs… But if it's binding, they could change it tomorrow. Well, if they could change any plan tomorrow, the law could be changed tomorrow. That's why we don't hear cases where there's not a case or controversy. If a furlough comes up next year because Congress can't agree to a budget, they may reconsider this and they may decide that she's exempt. Well, Your Honor, in the Nebraska Press Association and then in Murphy v. Hunt, the Supreme Court set out a two-part test for the capable of repetition but evading review determination. And one is, is the action complained of such short duration that it will necessarily evade being litigated in full before it ceases? And in this case, since the board only has jurisdictions of furloughs that do not exceed 30 days, there's no way in which a petition challenging a furlough could be fully litigated within that 30-day period. Can I answer this? I'm not quite sure why, despite the use of the language by the administrative judge, why we're talking about mootness. The fact is, before the October 30, 2013 filing, the day the case began, relief was complete. Mootness is about cases that begin with a case or controversy and then something happens after the filing that terminates it. And there's a certain exception to that, capable of repetition but evading review. But on the day of the filing here, there was no relief available from the board under adverse action. So I don't know why mootness is the right category, in which case capable of repetition but evading review simply has nothing to do with this. Well, Your Honor, we believe that—well, first, Your Honor, we believe the real issue isn't really a jurisdictional issue. I think this court in the Johnston case, 518F3905, noted that the board often conflates jurisdiction with whether there are facts alleged sufficient so that if the person prevails, it is entitled to relief. So it's really a question of whether there was relief that could be granted, which is not really jurisdictional. But in this case, we believe that it's similar to a situation—analogous to a situation in which an individual is terminated without a hearing and without any prior notice. And there's a record in his personnel file or her personnel file stating that they're terminated because they had the unauthorized use of government property. And then prior to or immediately after a petition being filed with the board, the agency rescinds the termination and reinstates the person with back pay to the date of termination, but doesn't expunge the record, the notice of removal and the causes for removal from the record. And in that situation, we believe that the board would have the authority in the jurisdict to grant relief in order the agency to expunge the record. And in the Cooper case, which was a situation where the plaintiff—the employee was removed for inability to perform the services, and he had a claim for disability pending, which was granted— And that we held moot after the Navy had essentially expunged the original removal and replaced it with a voluntary retirement. And so what's the counterpart here? Well, the counterpart here is that what led to the petitioner's furloughing and the furloughing of her staff was the adoption of the 2014 IRS shutdown contingency plan, which went into effect on October 1, 2013, the date that the furlough began. And so for there to be complete relief, the portions of the contingency plan providing for the furloughing of petitioner and her staff would need to be removed in the prior furlough plan, which was in effect immediately before her removal or her furloughing would go back into effect. And, Your Honor, besides, if the determination is made that for some reason or other the board lacked the authority to grant declaratory relief, if it's determined that there was jurisdiction because it involved a covered employee and covered personnel action, and therefore we believe that the board erred in dismissing the case, whether it was for lack of jurisdiction or for there not being relief that could be granted. And if there's any further questions? Okay. Thank you, Mr. Hurwitz. Mr. Horne? May it please the Court? I guess I would start with the discussion of the capable of repetition yet evading review exception to the mootness doctrine. It's the petitioner's burden, of course, to establish... Can I ask my threshold question? What does that have to do with the case that was over before it began? Well, I think Your Honor... As a shorthand, I don't know why. Mootness is about cases that are real Article III case or controversies on the day they're filed. Something happens thereafter. And then there's this exception. Ordinarily, if the controversy gets resolved, the case is moot and it's over. There is no capable of repetition but evading review exception to standing requirements, for example. This is about cases that start out well and then end after they've started out well. And we don't have that, right? Or do we? I think Your Honor makes a good point. Board's jurisdiction is determined at the time the case is filed. And clearly, the petitioner had received full back pay and benefits and the case was never in the Board's jurisdiction. It should have just perhaps been dismissed for lack of jurisdiction, period. I think you make a good point there. Let's assume she filed her suit on October 16th instead of October 30th and then there would be a mootness. Yes, Your Honor. I'm not sure why the judge... I believe they were raised in the arguments below, so the judge addressed them. But I think you're correct. The Board lacked jurisdiction over this case. I'm sorry. You were going to explain why if mootness was a relevant category, this is not capable of repetition but evading review. For reasons that, I mean, I gather, I think I remember the administrative judge and you all say, who knows whether Congress will give back pay the next time there's a furlough? In which case, if Congress doesn't, then it's not evading review. She'll litigate it then. But I took it that at least one of the alternative positions is, of course, Congress is going to give back pay the next time. That's not quite always but pretty much always what Congress does. How are we supposed to decide? I don't know the steps that can be decided and then the petitioner's reply brief, I can give you the page site. He indicated that Congress usually gives back pay. Well, in an instance where Congress did not give back pay, then an appellant such as Ms. Olson would have a viable appeal before the Court. This isn't race at all. I assume you may not know the question of this record. But it seems you all agree that she's actually a covered employee for purposes of appeal. But I wonder if you have any idea of whether she actually is a covered employee. Because in 7511, there's an exception for people that are confidential policy advocating or policy implementing positions. And if agency heads can make those sometimes or the statute makes them. And it seems to me that given her level, it may be a question whether she falls into that category. I didn't find anything in the record. I didn't. It was not in the judge's decision and it wasn't briefed by either party. I was just curious. Okay. Anything further? No, Your Honor. The Court has no additional questions. Okay. Thank you, Mr. Kearney. Mr. Horowitz? Your Honor, briefly, under Elgin, the Board has jurisdiction if there is a covered employee and covered agency action. I don't think anyone disagrees that a furlough of less than 30 days is covered agency action. And though there's a question here as to whether Ms. Olson is a covered employee, as my colleague stated, that was never briefed or argued or brought up before the Board. And so I think at this point in time, we have to presume that she was a covered employee. And even though the agency gave her – even though Congress, the furlough ended and she was reinstated with back pay because Congress authorized back pay, we believe that still the contingency plan is similar to a situation where an employee is suspended or terminated for reasons that are put in his personnel file. And before he brings the action, he's reinstated with back pay, but they don't rescind the – or expunge the record as to his – the reasons for his being terminated, even though there may not have been valid reasons for termination. And we think that, therefore, this Court – the Board had jurisdiction and had the authority to grant relief that was requested by Ms. Olson. Okay. Okay. Thank you, Your Honor. Thank you, Mr. Horowitz. Thank both counsel. The case is submitted. That concludes our session for this morning.